FULLAM, District Judge.
I believe that the Administrative Law Judge failed to conduct the proper inquiry into the circumstances of this unrepresented person’s claim and would remand the case for a full exploration of Ms. Acosta’s condition. There is no dispute that Ms. Acosta suffers from significant back problems, and she was awarded benefits for the period from September 29, 1999 until March 26, 2001, when her treating physi *618 cian cleared her to return to work. Ms. Acosta filed the application under review after attempting to work for several months, but she did not have an attorney at the administrative level and waived a hearing.
After reviewing the record, I am convinced that the ALJ did not assume the more active role required when the claimant is unrepresented and did not meet the heightened duty of care and responsibility that attends in such instances. See Livingston v. Califano, 614 F.2d 342, 345 (3d Cir.1980). The ALJ acknowledged that the “medical evidence reveals that the claimant has severe discogenic and degenerative disorders of the spine, with back sprains and strains. She is status post fusion with instrumentation from C4 to C6 with pain and physical restriction.” A.16. Although the medical records detail consistent complaints of pain from Ms. Acosta and her treating physician assessed her condition as totally disabled, the ALJ, without speaking to or observing Ms. Acosta, discredited her subjective complaints of pain as unsupported by the record, because medical scans did not reveal the source of her pain. Instead of fulfilling his obligation to seek to corroborate the evidence of pain, Smith v. Harris, 644 F.2d 985, 990 (3d Cir.1981), the ALJ highlighted evidence that he found contradicted her subjective complaints. The ALJ “had a duty to consider seriously [the claimant’s] subjective complaints of pain and to probe further.” Reefer v. Barnhart, 326 F.3d 376, 381 (3d Cir.2003). I believe the ALJ did not do so, and I respectfully dissent.